**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANGELA CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ABSOLUTE COLLECTIONS CORPORATION | ) |
| and ABSOLUTE RESOLUTIONS | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**INTRODUCTION**

1.     Plaintiff Angela Clark brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Absolute Collections Corporation and Absolute Resolutions Corporation.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**VENUE AND JURISDICTION**

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

4.     Venue and personal jurisdiction in this District are proper because:

a.     Defendants' collection communications were received by plaintiff within this District;

b.     Defendants transact business within this District.

1

## PARTIES

5.      Plaintiff Angela Clark  is an individual who resides in the Northern District of Illinois.

6.      Defendant Absolute Collections Corporation is a California corporation with offices at 6602 El Cajon Blvd., San Diego, CA 92115.

7.      Absolute Collections Corporation is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      Absolute Collections Corporation is a debt collector under the FDCPA.

9.      Absolute Resolutions Corporation is a California corporation with offices at 6602 El Cajon Blvd., San Diego, CA 92115.

10.      Absolute Resolutions Corporation is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

11.      Absolute Resolutions Corporation is a debt collector under the FDCPA.

## FACTS

12.      Defendants have been attempting to collect from a family member of plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

13.      On multiple occasions during July-October 2012, plaintiff received the following telephone message on the voicemail associated with her cell phone:

**Angela Clark, call Russell Bowers at 877-771-3323.  I am at extension 138 (?).**

14.      The number 877-771-3323 is used by defendants.

15.      The calls did not identify the company calling or state that the calls were for debt collection purposes.

16.      On information and belief, defendants have a standard policy and practice

2

of leaving telephone messages that do not identify the company calling or state that the call is for collection purposes.

17.     At no time did plaintiff receive the notice of rights required by 15 U.S.C. §1692g.

18.     On information and belief, defendants did not send plaintiff the notice of rights required by 15 U.S.C. §1692g.

## COUNT I – FDCPA

19.     Plaintiff incorporates paragraphs 1-18.

20.     Defendants' telephone messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

21.     Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035 (N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs*., 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

22.     The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

    a.     The messages do not contain the warning required by 15 U.S.C. §1692e(11).

    b.     The messages did not identify defendant. See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591,

593 (N.D.Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., Sept. 23, 2008).

23. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct:

> **Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

24. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> > **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

25. Defendant also violated 15 U.S.C. §1692g, by failing to provide the required notices within five days of the initial communication with plaintiff.

26. Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in**

writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

   (1)  Statutory and actual damages;

   (2)  Attorney's fees, litigation expenses and costs of suit;

   (3)  Such other and further relief as the Court deems proper.


       <u>s/ Daniel A. Edelman</u>
       Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)